[Nos. 9653–0–III; 9652–1–III.   Division Three.   May 8, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. BARRY D. SCOBY, *Appellant.*

*John D. Knodell III,* for appellant.

*Paul Klasen, Prosecuting Attorney, Mary Ann Brady, Deputy,* and *Laurence S. Moore, Special Deputy,* for respondent.

MUNSON, C.J.—Barry Scoby was convicted of one count of forgery committed by altering a written instrument or uttering an altered written instrument, namely, a $1 bill. He appeals, contending a $1 bill is not a written instrument within the meaning of the forgery statute, and the evidence of intent to defraud was insufficient to support the verdict.[1] We affirm.

Mr. Scoby purchased $2 worth of gasoline at the Airway Deli Mart on the evening of November 28, 1987. He paid

---

[1]Mr. Scoby also pleaded guilty to six counts of forgery and was sentenced. Although he filed a notice of appeal from that judgment, he has assigned no error thereto. Thus, we have not reviewed those convictions.

for the gasoline with a $20 bill, from which the two upper corners had been cut. He then asked for two $10 bills in exchange for what appeared to be a $20 bill but was in fact a $1 bill to which the corners of the $20 bill had been taped. The number "1" on each of the bottom corners of this bill had been cut out. As he was leaving, the store clerk realized the second bill was not a $20 bill. She obtained the vehicle license number of his car and called the police.

First, Mr. Scoby contends a $1 bill is not a written instrument, the alteration of which would constitute the crime of forgery. Forgery is defined by statute:

> (1) A person is guilty of forgery if, with intent to injure or defraud:
> (a) He falsely makes, completes, or alters a written instrument or;
> (b) He possesses, utters, offers, disposes of, or puts off as true a written instrument which he knows to be forged.

RCW 9A.60.020.

> (1) "Written instrument" means: (a) any paper, document, or other instrument containing written or printed matter or its equivalent; or (b) any access device, as defined in RCW 9A.56-.010(3), token, stamp, seal, badge, trademark, or other evidence or symbol of value, right, privilege, or identification;

RCW 9A.60.010.

■ This issue appears to be one of first impression. The term "instrument" is not defined in the statute; pursuant to RCW 9A.04.060, the common law supplements the statute. The essence of common law forgery is the alteration of "any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability.'" *State v. LaRue,* 5 Wn. App. 299, 302, 487 P.2d 255, 56 A.L.R.3d 1299 (1971) (quoting 36 Am. Jur. 2d *Forgery* § 1 (1968)). Thus, in the context of forgery, an instrument is something which, if genuine, may have legal effect or be the foundation of legal liability.

■ The bill in question is a Federal Reserve Note. The issuing of such notes is authorized by 12 U.S.C. § 411, which provides:

The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

Thus, a dollar bill has legal efficacy, being an obligation of the United States which must be redeemed on demand. The bill which Mr. Scoby gave to the clerk at the Airway Deli Mart is an instrument as that term is used in the common law in the context of forgery.

■■ Next, Mr. Scoby contends the evidence of his intent to defraud was insufficient to support the verdict. The sole evidence of his knowledge that the bill had been altered and his altering of the same was the fact he had in his possession both the altered $1 bill and the $20 bill from which the upper corner numbers had been removed. While possession alone is not sufficient to prove guilty knowledge, slight corroborating evidence of knowledge may be sufficient. *See State v. Withers,* 8 Wn. App. 123, 128, 504 P.2d 1151 (1972) (possession of stolen goods, together with slight corroborative evidence of knowledge they were stolen, is sufficient).

Although the clerk did not immediately recognize that the $1 bill had been altered, she did realize this within a few moments. Mr. Scoby contends he was less experienced in handling money, but the record contains no other evidence to support this contention. The jury had the opportunity to observe both the mutilated $20 bill and the altered $1 bill. It was for it to determine whether anyone in possession of both bills could fail to realize the $1 bill had been altered. The facts the picture of George Washington appeared on the face of the "$20 bill", the words "ONE DOLLAR" in large letters were at the bottom of the face, and the number "1" was cut out of both lower corners, fully support the inference that one in possession of this bill could not fail to see it had been altered. The obviousness of the alteration is evidence from which a rational trier of fact

could find, beyond reasonable doubt, that Mr. Scoby knew the bill had been forged and gave it to the clerk with intent to defraud. *See State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

The convictions are affirmed.

THOMPSON and SHIELDS, JJ., concur.

Review granted at 115 Wn.2d 1007 (1990).