# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                          Respondent,<br><br>      v.<br><br>ALLEN R. SELLERS,<br><br>                          Appellant. | No.  47630-4-II<br><br>UNPUBLISHED OPINION |

BJORGEN, C.J. — Allen Sellers appeals his conviction for forgery of a personal check, arguing that insufficient evidence supported his conviction.  Sellers also argues in a statement of additional grounds (SAG) that he received ineffective assistance of counsel because his attorney failed to call witnesses Sellers believed could exonerate him.  We hold that sufficient evidence supported his conviction, and we decline to review his SAG claim because it relies on information outside the record.  Accordingly, we affirm Sellers' conviction.

## FACTS

In August 2014 two individuals, identified only as "James" and "Mario,"[1] visited Sellers at his home.  James wrote a check payable to Sellers from an account held by James Cox and signed the check as James Cox.  In fact, however, the check James wrote had been stolen from

---

[1] The record shows no surnames for these individuals.  We therefore refer to them by their first names only.  No disrespect is intended.

the actual James Cox. Cox had not authorized James or anyone else to write a check to Sellers and, in fact, closed the account after discovering the theft.

The morning after James wrote the check, Sellers went to a check cashing store in Vancouver. He presented the check and his identification to the store clerk. Following store policy, the clerk then called Cox to confirm that he had written or authorized the check. Cox denied doing so and put the clerk in contact with the police.

Officer Troy Rawlins of the Vancouver Police Department arrived at the check cashing store and encountered Sellers attempting to cash the check. Officer Rawlins detained and interviewed Sellers, who said that James had told him that Cox was his grandfather and he had permission to write checks on Cox's account. Sellers told Officer Rawlins that he believed the check was stolen, but that James assured him it was not. Based on this information, Officer Rawlins arrested Sellers.

The State charged Sellers with forgery. At trial, Officer Rawlins testified that he asked Sellers whether Sellers thought the check could be stolen, and that Sellers said yes and indicated he "was pretty sure they probably were." Report of Proceedings at 67. Rawlins also testified that Sellers told him he had asked James if the checks were stolen, and that James had told him no. The State objected to the testimony regarding James' statement on hearsay grounds, and the trial court sustained the State's objection.

The jury returned a guilty verdict, and the trial court convicted Sellers of forgery. Sellers appeals that conviction.

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

Sellers argues that the State presented insufficient evidence to support the jury's verdict because it did not present evidence that he knew the check was forged and intended to pass it off as legitimate. We disagree.

The State must prove all elements of a charged crime beyond a reasonable doubt. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). To do so, the State must present evidence sufficient to persuade a rational trier of fact of each element beyond a reasonable doubt. *Id*. To evaluate the sufficiency of the State's evidence, we view all evidence in the light most favorable to the State and draw all reasonable inferences therefrom. *Id*.; *State v. Richie*, 191 Wn. App. 916, 925, 365 P.3d 770 (2015). In so doing, we treat circumstantial evidence as equally reliable as direct evidence and defer to the trier of fact on issues of conflicting testimony, the credibility of witnesses, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.2d 970 (2004). .

RCW 9A.60.020(1)(a) and (b) provide in relevant part:

(1) A person is guilty of forgery if, with intent to injure or defraud:

(a) He or she falsely makes, completes, or alters a written instrument or;

(b) He or she possesses, utters, offers, disposes of, or puts off as true a written instrument which he or she knows to be forged.

Therefore, to convict Sellers of forgery under the statute when all evidence showed that Sellers did not make, complete, or alter the check himself, the State was required to prove that Sellers (1) possessed and attempted to cash the check (2) with knowledge it was forged and (3) with intent to injure or defraud a third party. Possession of a forged instrument alone is insufficient to establish the latter two elements, *State v. Vasquez*, 178 Wn.2d 1, 8, 309 P.3d 318 (2013), but

even "slight corroborating evidence of knowledge may be sufficient." *State v. Scoby*, 57 Wn. App. 809, 812, 790 P.2d 226 (1990), *aff'd*, 117 Wn.2d 55 (1991).

The State presented evidence from which the jury could reasonably infer Sellers knew the check was forged and intended to defraud the check cashing store. Officer Rawlins testified that Sellers told him he thought the check was stolen. The testimony of the store clerk established that Sellers attempted to cash that check anyway. The jury could reasonably infer from these witnesses' testimony that Sellers intended to defraud the check cashing store by cashing a check he believed to be forged. Viewing the evidence in the light most favorable to the State, a rational jury could find that the State proved all elements of the crime beyond a reasonable doubt.

As Sellers notes in his briefing, we will not infer intent to defraud from patently equivocal evidence. *Vasquez*, 178 Wn.2d at 14. For example, where a defendant's statements on their face may indicate mere acknowledgment of the defendant's possession of a forged item, we will not necessarily infer an intent to defraud or injure a third party with that item. *Vasquez*, 178 Wn.2d. at 14-15. Where the defendant's other statements and actions and the situational context do not indicate that the defendant intended to defraud or injure a third party, such statements are insufficient to support a conviction under RCW 9A.60.020. *Id*. at 15-16. However, Sellers' statement that he was "pretty sure" the check he possessed and attempted to cash was stolen was not equivocal evidence. It indicated knowledge of the forgery, not merely possession of the check. Similarly, Sellers' actions in attempting to cash the check were not equivocal—by going to a check cashing store during normal business hours and asking the store clerk to cash the check, he could only have been attempting to pass the instrument, which he believed was

forged.[2] Because this evidence is not equivocal, we may infer both knowledge of the forgery and intent to defraud a third party. Consequently, we hold that sufficient evidence supported Sellers' conviction.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Sellers argues in his SAG that he received ineffective assistance of counsel because his attorney ignored his requests to seek audio and video recordings from the police and to call James, Sellers' wife, and Sellers' daughter as witnesses. We decline to review the issue.

Like all criminal defendants, Sellers had a constitutional right to reasonably effective assistance from his assigned counsel. *In re Pers. Restraint of Gomez*, 180 Wn.2d 337, 350, 325 P.3d 142 (2014). However, "[w]hen an ineffective assistance claim is raised on appeal, the reviewing court may consider only facts within the record." *State v. Grier*, 171 Wn.2d 17, 29, 246 P.3d 1260 (2011), *cert. denied*, 135 S. Ct. 153 (2014).

We cannot assess Sellers' argument without information absent from the record on appeal. The record includes no information as to whether his attorney investigated the audio and video recordings or attempted to identify, locate, interview, or subpoena any of the people

---

[2] In *Vasquez*, our Supreme Court found it somewhat persuasive that the defendant "did not behave as someone who intended [the third party] to be defrauded." 178 Wn.2d at 15. However, this was in the context of an interaction initiated by the third party, who asked the defendant to produce identification cards that turned out to be forged. *Id*. at 4-5. In this context, the defendant's statements acknowledging his possession of the identification cards were considered equivocal evidence. *Id*. at 15-16. Although Sellers wishes to analogize his situation to that of *Vazquez*, it is not analogous, because Sellers initiated the transaction and therefore was clearly attempting to use the check rather than simply acknowledging possession of it.

Sellers identifies. If Sellers wishes to argue that he received ineffective assistance on this basis, he must do so in a personal restraint petition. [3] *See id.*

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

We concur:

Johanson, J.

Maxa, J.

---

[3] Sellers also states that "[p]olice would not go by my place of residency, when we past [sic] not more than a block from my house in route to the jail, to question the person who gave me the check[,] James." SAG at 1. It is unclear whether he believes this constituted an independent violation of some right. However, as with his ineffective assistance claim, any analysis of this situation would require us to examine information not contained in the record. That we may not do when reviewing a direct appeal. *Grier*, 171 Wn.2d at 29.