

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE JAN 0 7 2016

_Madsen, CJ_
CHIEF JUSTICE

This opinion was filed for record
at 8:00AM on Jan. 7, 2016

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Petitioner,<br><br>v.<br><br>ANDREA MARIE RICH,<br><br>Respondent. | NO. 91623-3<br><br>EN BANC<br><br>Filed ___JAN 0 7 2016___ |

GORDON McCLOUD, J.—A jury convicted Andrea Rich of driving under the influence (DUI) and reckless endangerment. RCW 46.61.502 and RCW 46.64.506; RCW 9A.36.050. The evidence showed that Rich was speeding in traffic while highly intoxicated and with a young child in the front passenger seat. But the officer who arrested Rich followed her car because he believed that the car was stolen; Rich's manner of driving posed no observable danger.

The Court of Appeals reversed the reckless endangerment conviction, holding that the evidence was insufficient to establish that Rich's driving created an actual, substantial risk of death or serious physical injury to another person. *State v. Rich,*

1

186 Wn. App. 632, 347 P.3d 72, *review granted*, 183 Wn.2d 1018, 355 P.3d 1153 (2015). The Court of Appeals ruled, on an issue of first impression, that proof of a DUI does not necessarily establish proof of reckless endangerment. *Id.* at 642.

We agree with the Court of Appeals that proof of DUI alone does not necessarily establish proof of reckless endangerment. But the State proved more than just DUI in this case. It also proved speeding, past a police car, in traffic, by a driver whose breath alcohol level was more than twice the legal limit, who showed awareness that she had done something wrong once stopped, and who had a young child in the front passenger seat. Construing the evidence in the light most favorable to the State, a reasonable juror could conclude beyond a reasonable doubt that Rich created a substantial risk of death or injury to her passenger, that Rich knew of the substantial risk, and that Rich disregarded that risk in gross deviation from the way a reasonable person would act in her situation. We therefore reverse the Court of Appeals and affirm the reckless endangerment conviction.

## FACTS

On May 27, 2012, at about 8:00 p.m., Deputy Paul Mulligan of the King County Sheriff's Office was on patrol in Burien. 2 Report of Proceedings (RP) at 89. He heard a Seattle Police Department radio broadcast stating that a stolen, dark blue Acura MDX was seen in the area. Deputy Mulligan testified that he "was in the inside lane [traveling southbound] when the stolen vehicle drove past me in the

2

outside lane." *Id.* at 75. The speed limit was "about 35 through that area." *Id.* The deputy was "doing the flow of traffic" in a marked patrol car. *Id.* Based on his suspicion that the car was stolen, Deputy Mulligan "pulled in behind the vehicle, and was able to catch up to it at about 50 miles an hour." *Id.* Deputy Mulligan followed the Acura for about four blocks before it pulled into a parking lot of an apartment complex. *Id.* at 78. He turned on his emergency lights and parked behind the Acura. *Id.*

The driver of the Acura, Rich, opened her car door. *Id.* at 79. Deputy Mulligan got out of his car but waited for backup before approaching the Acura. *Id.* He heard Rich say in a "loud voice" to the passenger, Rich's nephew who was between seven and nine years old, "[T]ell them we just found the keys and we just got in the car." *Id.* Deputy Mulligan arrested Rich after backup arrived. *Id.* at 80.

The officers who interacted with Rich at the time of her arrest noticed a strong odor of alcohol and observed signs of intoxication, including bloodshot, watery eyes and slurred speech. *Id.* at 110-12. Because Rich was wearing a walking leg cast, police officers did not administer field sobriety tests. 1 RP at 42-43. Breath alcohol tests administered at a police station approximately an hour after Rich's arrest indicated blood alcohol concentration levels of 0.183 and 0.188. 2 RP at 177. Rich told police officers that she had consumed one shot of alcohol. *Id.* at 122.

The State charged Rich with DUI, possession of a stolen vehicle, and reckless endangerment. Clerk's Papers (CP) at 6-7.

At trial, Rich testified that she was just getting into the car when the police officer pulled up behind her. 2 RP at 191. She said that her nephew brought the keys to her just before the police arrived and that he was in the car with her. *Id.* at 191, 198. Rich testified that she had consumed one or two shots of alcohol and that she was "tipsy," but she also claimed that the alcohol did not affect her. *Id.* at 205, 201, 194.

The state forensic toxicologist testified that a person would have to consume about 9 to 10 shots of standard proof alcohol to achieve a blood alcohol reading of 0.188. 2 RP at 134. He also testified that a person burns off alcohol at an average rate of 0.015 per hour. *Id.*

The jury convicted Rich of DUI and reckless endangerment—both gross misdemeanors—but acquitted her of possessing a stolen vehicle. CP at 47-49. The jury also returned a special verdict stating that Rich's alcohol concentration level was "0.15 or higher within two hours after driving." CP at 50. The court imposed a sentence of 120 days of confinement on the DUI conviction and 20 days on the reckless endangerment conviction. CP at 54; Tr. of Trial (July 26, 2013) at 4.

Rich appealed. The Court of Appeals reversed Rich's reckless endangerment conviction and affirmed the DUI conviction. *Rich*, 186 Wn. App. 632. The Court

of Appeals held that no evidence showed Rich's driving specifically posed an actual risk of death or serious injury that was considerable or substantial. *Id.* at 647. The court also held that evidence Rich was under the influence of alcohol, alone, did not support the conviction. *Id.*

This court granted the State's petition for review. *Rich*, 183 Wn.2d 1018. The question presented is whether the evidence was sufficient to support Rich's reckless endangerment conviction.

ANALYSIS

I.     Standard of Review

This case requires us to decide if evidence that Rich was speeding in traffic with a young passenger in the front seat of the car while she was highly intoxicated was sufficient to support her reckless endangerment conviction. The sufficiency of the evidence is a question of constitutional law that we review de novo. *State v. Berg*, 181 Wn.2d 857, 867, 337 P.3d 310 (2014).

The State bears the burden of proving all the elements of an offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. To determine if sufficient evidence supports a conviction, we consider "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime *beyond* a reasonable doubt.'" *State*

5

*v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (some emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). "[I]nferences based on circumstantial evidence must be reasonable and cannot be based on speculation." *State v. Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 318 (2013). A "'modicum'" of evidence does not meet this standard. *Jackson*, 443 U.S. at 320.

II.    A Person Commits Reckless Endangerment by Creating a Substantial Risk of Death or Injury to Another Person

The State charged Rich with reckless endangerment, not reckless driving. RCW 9A.36.050(1), which defines "reckless endangerment," states, "A person is guilty of reckless endangerment when he or she recklessly engages in conduct not amounting to drive-by shooting but that creates a substantial risk of death or serious physical injury to another person."[1]

Thus, to obtain a conviction, the State must first prove "reckless[] . . . conduct." RCW 9A.36.050(1). The mens rea of recklessness has both a subjective and an objective component. RCW 9A.08.010(1)(c) states, "A person is reckless or acts recklessly when he or she *knows of and disregards a substantial risk* that a

---

[1] Reckless endangerment is not exclusively a driving offense. It is located in the general criminal code, chapter 9A RCW, rather than in the motor vehicle code, chapter 46 RCW. A separate statute, RCW 46.61.500, prohibits reckless driving, which is "driv[ing] any vehicle in willful or wanton disregard for the safety of persons or property." RCW 46.61.500(1).

6

wrongful act may occur and his or her disregard of such substantial risk is a *gross deviation* from conduct that a reasonable person would exercise in the same situation." (Emphasis added.) Whether Rich's conduct was reckless therefore "'depends on both what [she] knew and how a reasonable person would have acted knowing these facts.'" *State v. Graham*, 153 Wn.2d 400, 408, 103 P.3d 1238 (2005) (quoting *State v. R.H.S.*, 94 Wn. App. 844, 847, 974 P.2d 1253 (1999)).

The State must also prove "a substantial risk of death or serious physical injury to another person." RCW 9A.36.050(1). A "risk," of course, is not a certainty. *See Graham*, 153 Wn.2d at 407 (reckless endangerment is an inchoate crime; distinguishing between reckless endangerment, on the one hand, which subjects defendant to conviction based on risk her conduct poses, and assault or homicide, on the other hand, which require proof that harmful consequences actually occurred). And although no statute defines "serious physical injury," RCW 9A.04.110(4)(a) defines "physical injury" as "physical pain or injury, illness, or an impairment of physical condition." No statute defines "substantial" either, but in *State v. McKague*, we defined "substantial" (as used in the statute defining "second degree assault") as "'considerable in amount, value, or worth'" and more than just "having some existence." 172 Wn.2d 802, 806, 262 P.3d 1225 (2011) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280 (2002)); RCW 9A.36.021(1)(a).

7

Taken together, to convict Rich of reckless endangerment, the State had to prove beyond a reasonable doubt that Rich knew of and disregarded a considerable risk—not a certainty—of death or serious physical pain or injury that her conduct posed to her young nephew, and that her behavior constituted a gross deviation from how a reasonable person would have acted based on the known facts.

III.  Evidence of Intoxication Alone or Speed Alone, without More, Does Not Constitute Reckless Endangerment

Rich argues that proof of DUI alone is insufficient to prove reckless endangerment. Resp't's Suppl. Br. at 8. She also asserts that proof of speeding alone is insufficient to prove reckless endangerment. *Id.* at 13.

This is, in part, a question of statutory interpretation; we therefore begin by looking at the language of the relevant statutes. *Kitsap County Deputy Sheriffs' Guild v. Kitsap County*, 183 Wn.2d 358, 378, 353 P.3d 188 (2015). As discussed *supra*, the reckless endangerment statute requires proof that the defendant *knows of and disregards* a substantial risk and that the defendant's conduct constitutes a gross deviation from the way that a reasonable person would act in the same situation. RCW 9A.36.050(1); RCW 9A.08.010(1)(c). DUI, however, contains no such mens rea element. RCW 46.61.502(1); *see State v. Dailey*, 174 Wn. App. 810, 815-16, 300 P.3d 834 (2013). For this reason alone, proof of DUI, without more, does not

establish proof of reckless endangerment. Reckless endangerment requires proof of something more.

Similarly, speeding requires only proof of a violation of the traffic code. *See Clement v. Dep't of Licensing*, 109 Wn. App. 371, 375 n.10, 35 P.3d 1171 (2001) (citing *City of Bremerton v. Spears*, 134 Wn.2d 141, 158, 949 P.2d 347 (1998)). For this reason alone, proof of speeding, without more, does not establish proof of reckless endangerment. Reckless endangerment requires proof of something more.

This conclusion is consistent with the conclusion we reached on this issue in the reckless driving context. In *State v. Hanna*, this Court upheld the validity of an instruction allowing a jury to draw an inference of reckless driving from proof of speeding. 123 Wn.2d 704, 712-13, 871 P.2d 135 (1994). Thereafter, in *Hanna v. Riveland*, 87 F.3d 1034 (9th Cir. 1996), the court ruled that that instruction created an impermissible inference in violation of the right to due process—a fact about which this court said it was "not unmindful" when deciding *State v. Randhawa*, 133 Wn.2d 67, 77 n.3, 941 P.2d 661 (1997), a few years later. Thus, in *Randhawa*, we clarified that speeding, alone, does not necessarily give rise to an inference of recklessness. *Id.* at 77 ("[W]e cannot say with substantial assurance that the inferred fact, Randhawa's reckless driving, more likely than not flowed from the proved fact—Randhawa's speed. That is so because the facts relating to Randhawa's speed were not nearly as egregious as those in *Hanna* . . . ."). We reaffirm that holding

9

now: that speeding, alone, does not necessarily prove recklessness. But in this case, the State did not rely on evidence of Rich's speed, alone, to support the reckless endangerment conviction.

Similarly, in *State v. Birch*, 183 Wash. 670, 673, 49 P.2d 921 (1935), we held that driving under the influence of alcohol does not, on its own, constitute reckless driving. We explained that the jury must determine "[w]hether or not, in any particular case, the extent of the use of intoxicating liquor influenced the manner of driving." *Id.* at 674-75. This reasoning supports our conclusion here that the court must consider the specific facts of the case to decide if the defendant, under the particular circumstances, knew of and disregarded a considerable risk that her conduct posed and that her behavior constituted a gross deviation from reasonable behavior.

Rich cites *Commonwealth v. Mastromatteo*, 719 A.2d 1081, 1083 (Pa. Super. 1998), in which the intermediate appellate court interpreted a statute similar to Washington's reckless endangerment statute and held that DUI does not constitute recklessness per se. But, as discussed in more detail in Part IV below, the State did not rely only on DUI evidence to support Rich's conviction.

Rich also claims, "Importantly, the State did not present any statistical evidence to substantiate its bare assertion during closing argument that driving drunk creates a high risk of accident causing serious physical injury or death." Resp't's

Suppl. Br. at 9. She cites *Begay v. United States*, 553 U.S. 137, 140, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008) and *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2557, 192 L. Ed. 2d 569 (2015).

*Begay* and *Johnson*, however, were not sufficiency of the evidence cases. Those cases interpreted—in two different ways—the "residual clause" of the former Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), which imposes a mandatory sentencing enhancement on felons who unlawfully possess a firearm and have three or more convictions for violent felonies. *Begay*, 553 U.S. at 148. The residual clause defines an offense as a qualifying violent felony if it "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Begay*, the Court held that it had to "consider the offense generically . . . . [W]e examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* at 141. Rich cites Justice Scalia's concurrence in that case, which concluded that drunk driving does not clearly present a serious risk of injury to another within the statute's meaning. *Id.* at 148 (Scalia, J., concurring).

*Begay*'s holding is not applicable to either the subjective or objective inquiry here. In this case, we do not look at reckless endangerment generically; rather, we consider the specific evidence admitted to determine if it was constitutionally sufficient to support the conviction.

11

In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally vague because it defined a qualifying offense at too high a level of generality. 135 S. Ct. at 2557. This case does not involve overly broad definitions; rather, the question before us is whether specific evidence was sufficient to support Rich's conviction.

IV. A Reasonable Juror Could Conclude beyond a Reasonable Doubt That Rich Created a Subjectively and Objectively Unreasonable and Substantial Risk of Death or Serious Physical Injury to Another

The question remains whether any reasonable juror could conclude, beyond a reasonable doubt, that Rich created a subjectively and objectively unreasonable and substantial risk of death or serious physical injury to another. The Court of Appeals reversed because the State failed to prove an "'actual'" risk of death or serious physical injury that was "considerable or substantial." *Rich*, 186 Wn. App. at 647 (quoting *McKague*, 172 Wn.2d at 805).

The State acknowledges that it lacked proof of actual erratic driving or actual harm. It contends that such proof was not necessary.

Rich, on the other hand, focuses on the absence of erratic driving or any resulting harm. She contends that despite her intoxication, she "was not incapacitated[;] [s]he was able to walk, waive her rights and answer questions, and submit to a breathalyzer," and that "[t]here was no evidence that she had swerved or driven erratically." Resp't's Suppl. Br. at 12-13. She also argues that her nephew

12

was secure in the car and that no external circumstances in the environment tended to show the creation of a substantial risk. *Id.* at 14.

But none of that really responds to the State's argument that it need not prove actual erratic driving or actual harm to prove reckless endangerment. Indeed, there is no good response to the State's interpretation; Rich's argument would eliminate the word "risk" from the crime's language.

With that interpretation in mind, we review the evidence in the light most favorable to the State. The record clearly reveals more than proof of only DUI or only speeding. Evidence also showed that Rich knew that the legal blood alcohol limit in Washington is 0.08. 2 RP at 194. Further, the evidence showed that Rich knew that she was driving while "tipsy." *Id.* at 205. Indeed, Rich's loud comments to her nephew show that she was trying to cover up the fact that she had done something wrong. *Id.* at 79. A reasonable juror could conclude that Rich knew driving while "tipsy" could cause an accident, and that she disregarded that risk in a gross deviation from conduct a reasonable person would exercise in a similar situation. *Id.* at 205; RCW 9A.08.010(1)(c). This satisfies the subjective component of reckless conduct.

In addition, Deputy Mulligan testified that Rich passed his marked police car in the right lane. The jury could infer from his testimony that Rich was speeding when she passed him. 2 RP at 75. The evidence also showed that she was driving

in traffic, not in a deserted area. She had a young child in the front passenger's seat. Officers testified that Rich, once stopped, spoke in an abnormally loud voice with odd speech patterns and that based on her demeanor, the smell of alcohol, and the appearance of her eyes, they concluded that she was intoxicated. *Id.* at 81, 105, 107, 110-12, 146, 148. As discussed above, her blood alcohol level about one hour after her arrest was 0.183 to 0.188. *Id.* at 194. A toxicologist testified that to reach a blood alcohol level of 0.188, a person would have to consume about 9 to 10 shots of standard proof alcohol. *Id.* at 134. The toxicologist also testified that any amount over a 0.08 blood alcohol level would render a person unable to operate a motor vehicle safely. *Id.* at 133. This evidence—taken together—is sufficient to satisfy the objective component of reckless conduct: a reasonable person would recognize the substantial risk of death or serious physical injury to Rich's nephew seated in the front of the car by her conduct of speeding in traffic while having a blood alcohol level of more than twice the legal limit, which affected her speech and her behavior, and knowing that she was "tipsy."

## CONCLUSION

Evidence of DUI, alone, is not sufficient to prove reckless endangerment. Evidence of speeding, alone, is not sufficient to prove reckless endangerment. But here, the record contains evidence of DUI, of speeding, of extreme intoxication, of Rich's knowledge that she was "tipsy," and of engaging in all of this behavior while

14

in traffic with a young child in the front seat. Viewing the evidence in the light most favorable to the State, any reasonable juror could have concluded beyond a reasonable doubt that Rich recklessly engaged in conduct that created a substantial risk of death or serious physical injury to her nephew and that it constituted a gross deviation from the way a reasonable person would act in her situation. We therefore reverse the Court of Appeals and reinstate Rich's reckless endangerment conviction.

_____

WE CONCUR:

Madsen, C.J.
_____

Stephens, J.
_____

Johnson, J.
_____

Wiggins, J.
_____

Owens, J.
_____

González, J.
_____

Fairhurst, J.
_____

Yu, J.
_____