# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

Respondent,

v.

KEVIN J. ENEBRAD,

Appellant.

No. 79716-6-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Enebrad appeals his conviction for assault in the second degree. He argues the State presented insufficient evidence to support his conviction. We affirm.

## FACTS

Kevin Enebrad and Alyssa Nickels are separated and have a parenting plan for their daughter. On May 7, 2017, Nickels agreed to allow Enebrad to take their daughter to his birthday party even though it was her day with thier daughter. Their daughter was about two and a half years old at the time. When told she would be going to her father's birthday party, the girl became upset and started screaming and crying, "No daddy, No daddy." This behavior continued when Enebrad arrived at the house to pick up his daughter.

Enebrad arrived at Nickels's home with his cousin and his cousin's girlfriend. Enebrad rang the doorbell while the other two stayed in the car.

Citations and pin cites are based on the Westlaw online version of the cited material.

Nickels answered the door and told Enebrad that their daughter was "having a hard time" and that she did not want to let her leave right away. Enebrad motioned to grab the child, but Nickels resisted, saying that she wanted "'a positive exchange.'" Enebrad then stepped into Nickles's home, which made her very nervous. She told Enebrad that he could not be in the house and to step back outside.

Enebrad then grabbed his daughter with one hand, grabbed Nickels by the throat, and pushed her to the ground with his other hand. He yelled obscenities at her and continued choking her for 7 to 10 seconds. Nickels testified that she felt like she could not breathe while Enebrad choked her. After choking her, Enebrad got up and tried to leave with their daughter.

Nickels got her phone and chased after Enebrad, saying that he could not take their daughter. Enebrad's cousin then approached Nickels and asked her to "'[j]ust let us go.'" Nickels interpreted this as a request to allow them to leave without calling the police. Nickels instead called the police. Enebrad returned their daughter to Nickels and left with his cousin and his cousin's girlfriend.

Police arrived at Nickels' home and took a statement from her regarding the incident. She told the officers that Enebrad had squeezed her neck and pushed her to the ground. She complained to the officer about pain in her throat area and the back of her head. The investigating officer did not note any bruising on her throat at that time.

Two days later, Nickels sought medical attention because her pain had not subsided. She was evaluated by a physician's assistant named Susan Rose. She

2

told Rose that she had been assaulted by her ex-boyfriend, relayed details of the assault, and said she still had pain around her neck. Rose noted tenderness around Nickels's neck area and bruising on her upper back.

The State charged Enebrad with assault in the second degree. Nickels testified to the assault as described above. The responding officer and the physician's assistant testified to their reporting as described above.

Enebrad's cousin and his cousin's girlfriend both testified that they had seen the incident and did not see Enebrad enter Nickels's home. They testified that Nickels had simply handed their daughter to Enebrad. However, they testified that Nickels grabbed Enebrad's arm as he was leaving and at which point Enebrad shoved Nickels. But, neither testified that Enebrad choked Nickels.

The jury found Enebrad guilty as charged. Enebrad appeals.

## DISCUSSION

Enebrad argues that the State presented insufficient evidence to support his conviction. Specifically, he argues the State did not present sufficient evidence that Enebrad strangled Nickels.

Sufficiency of the evidence is a question of constitutional law that we review de novo. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). Evidence is sufficient to support a conviction if, "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (emphasis omitted) (quoting Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)), abrogated on other

grounds by <u>Washington v. Recuenco</u>, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).

When a defendant challenges the sufficiency of the evidence, they admit the truth of all of the State's evidence. <u>State v. Cardenas-Flores</u>, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). All reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. <u>State v. Salinas</u>, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. <u>State v. Killingsworth</u>, 166 Wn. App. 283, 287, 269 P.3d 1064 (2012).

A person is guilty of assault in the second degree if they assault another person by strangulation. RCW 9A.36.021(1)(g). "Strangulation" means to "compress a person's neck, thereby obstructing the person's blood flow or ability to breathe." RCW 9A.04.110(26). A person's blood flow or ability to breathe need not be completely obstructed under the statute. <u>See</u> <u>State v. Rodriguez</u>, 187 Wn. App. 922, 935, 352 P.3d 200 (2015). It needs to be hindered or blocked only to some degree. <u>Id.</u>

Here, Nickels testified to details of the assault, including that Enebrad had choked her for 7 to 10 seconds. She testified that while he choked her, she felt like she could not breathe. She reported the incident contemporaneously to a police officer. She sought medical attention when her pain persisted two days later and reported details of the incident to the physician's assistant who examined her.

4

During that examination, the physician's assistant noted tenderness in Nickels's neck and bruising on her upper back.

Enebrad's only challenge is to whether the evidence supported a finding that he strangled Nickels. Viewing the evidence in the light most favorable to the State, a rational trier of fact could conclude that Enebrad choked Nickels to the point where her breathing was obstructed. Accordingly, the evidence is sufficient to support his conviction for assault based on strangulation.

We affirm.

_Appelwick, J._

WE CONCUR:

_Brennan, J_                    _Dwyer, J._