# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55291-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| AMANDA NICOLE STENEK,[†] | |
| Appellant. | |

WORSWICK, J. — Amanda Stenek appeals her convictions and sentence for felony violation of a no-contact order and possession of a controlled substance—methamphetamine. She argues that the State produced insufficient evidence to support the felony violation of a no-contact order conviction and that the possession of a controlled substance conviction was based on a void statute and therefore, both convictions must be vacated. The State concedes, and we agree. We reverse and remand to the trial court to vacate both of Stenek's convictions.

FACTS

In June 2020, an Aberdeen police officer observed Stenek and Jezica Imhof-Spencer walking down the road together. The officer recognized Stenek and Imhof-Spencer from previous encounters and was aware that Imhof-Spencer was the protected party in a no-contact order prohibiting Stenek from contacting Imhof-Spencer. The officer placed Stenek under arrest for violation of the no-contact order. During a search of Stenek's backpack, the officer identified what he believed to be drug paraphernalia and controlled substances.

The State charged Stenek with felony violation of a no-contact order and three counts of possession of a controlled substance—methamphetamine, buprenorphine, and heroin. At a

[†] AMANDA NICOLE STENEK, aka AMANDA NICOLE SANDERS

bench trial, Stenek disputed the enforceability of a no-contact order that named "Jessica Imhoff" as the protected party rather than Imhof-Spencer. The State admitted a judgment and sentence showing that Stenek had been convicted of violating a no-contact order on August 1, 2018.

Stenek moved to dismiss the possession of a controlled substance—heroin charge based on lack of evidence. The State conceded, and the trial court granted the motion and dismissed the charge. The trial court ultimately found Stenek guilty of felony violation of no-contact order and possession of a controlled substance—methamphetamine. The trial court also found Stenek not guilty of possession of a controlled substance—buprenorphine.

Stenek appeals her judgment and sentence.

ANALYSIS

I. INSUFFICIENT EVIDENCE

Stenek argues that the State produced insufficient evidence to support her conviction for felony violation of a no-contact order. Specifically, she argues that the protected party in the no-contact order—Jessica Imhoff—is not the same person as Jezica Imhof-Spencer. The State concedes that insufficient evidence supported the felony violation of a no-contact order but for a different reason. The State contends that it failed to produce evidence at trial that Stenek had twice been convicted for violating the provisions of a court order. We agree with the State and accept its concession.

The State has the burden to prove every element of the crime charged beyond a reasonable doubt. U.S. CONST. AMEND. XIV; WASH. CONST. ART. I, § 3; *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary

to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364; *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). Sufficiency of the evidence is a question of constitutional law that we review de novo. *Rich*, 184 Wn.2d at 903. Where sufficient evidence does not support a conviction, such a conviction cannot constitutionally stand and must be reversed. *State v. Melland*, 9 Wn. App. 2d 786, 805, 452 P.3d 562 (2019).

To prove Stenek guilty of felony violation of a no-contact order under RCW 26.50.110(5), the State was obligated to prove beyond a reasonable doubt that (1) on or about June 8, 2020, Stenek knew of a court order for the protection of Imhof-Spencer, (2) Stenek knowingly violated the terms of the protection order, (3) Stenek had at least two prior convictions for violating the provisions of a protection order, and (4) the acts occurred in Washington State. RCW 26.50.110.

At trial, the State failed to prove that Stenek had at least two prior convictions for violating the provisions of a protection order. The State admitted evidence showing that Stenek had been convicted of violating a no-contact order on August 1, 2018, but failed to produce evidence of a second such conviction. As a result, insufficient evidence supports Stenek's conviction for felony violation of a no-contact order, and the conviction must be reversed.

## II. *Blake*[1]

Stenek also argues that her conviction for possession of a controlled substance—methamphetamine must be vacated in accordance with our Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The State concedes, and we agree.

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

No. 55291-4-II

Former RCW 69.50.4013(1) criminalized possession of controlled substances. In *Blake*, our Supreme Court held that former RCW 69.50.4013(1) is unconstitutional and void. 197 Wn.2d at 195. Convictions based on unconstitutional statutes must be vacated. *Blake*, 197 Wn.2d at 195.

Here, Stenek was convicted of possession of a controlled substance under former RCW 69.50.4013(1). That statute is void and unconstitutional. Accordingly, Stenek's conviction for possession of a controlled substance must be vacated.

We reverse and remand to the trial court to vacate both of Stenek's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Glasgow, ACJ.

_____
Price, J.

4