IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37779-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY CLARK OSBORNE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — After a jury found Terry Osborne guilty of residential burglary, the superior court imposed a mid-range sentence and a $5,000 "fine." Mr. Osborne failed to object, request a reduction, or assert indigency. On appeal, he contends that the fine was an abuse of discretion. In his statement of additional grounds (SAG), Mr. Osborne challenges the sufficiency of the evidence to support the conviction, the trial court's ruling on the admissibility of his custodial statements, and the court's failure to provide jury instructions with its face mask policy.

We affirm Osborne's conviction and sentence.

BACKGROUND

Terry Osborne was charged with residential burglary. At trial, the complaining witness testified that she lives in Moses Lake, but owns a house in Ritzville where she stores furniture and personal property, including a washer and dryer.

On April 3, 2020, a neighbor saw Mr. Osborne walking with a hand truck near the house. A short time later, the witness heard a loud bang come from the back of the victim's house and saw Mr. Osborne walking down the sidewalk with the washing machine on the hand truck. The neighbor notified the police. Within moments, an officer contacted Osborne on the sidewalk. Osborne told the officer that "he was taking [the washer] out of a friend's house that was being cleaned out." Report of Proceedings (RP) (Beck) at 197. The officer and neighbor returned the washing machine to the victim's unlocked house, which they found in disarray with tracks in the grass and dirt leading from the back door to the alley. The homeowner confirmed that the returned washer was hers. The neighbor testified that a single man could move the washer "no problem" with the dolly. RP (Beck) at 180. A jury found Mr. Osborne guilty of residential burglary.

The trial court sentenced Mr. Osborne on September 28, 2020. The parties agreed that with an offender score of 9.5, Mr. Osborne's standard range was 63 to 84 months. The State requested a high-end sentence of 84 months. Mr. Osborne and his attorney requested a prison-based drug offender sentencing alternative (DOSA) sentence of 73.5

months.  The State objected to the requested DOSA sentence, noting that Mr. Osborne

had a pending burglary charge in Grant County.  In sentencing Mr. Osborne, the court

simply said: "74 months mandatory.  LFOs, $5000 fine."  RP (Brittingham) at 49.  The

State responded: "Has he had DNA[1] collected?  Your Honor that'd be a total of $5,500

with a $5,000 fine and the $500 victim assessment.  Mr. Scudder has indicated that

Defendant has had his DNA collected.  So I'd ask the Court to strike the $100 DNA fee."

RP (Brittingham) at 49.  A week later, the court found Mr. Osborne indigent for purposes

of appeal.

## ANALYSIS

A.   SENTENCING

On appeal, Osborne contends that the trial court abused its discretion by imposing

a mandatory sentence and fine of $5,000.  Mr. Osborne argues that the court's use of the

word "mandatory" was vague and argues that if it reflects a belief that there was a

mandatory term of imprisonment or fine, the court's sentence was based on untenable

grounds.

We consider the trial court's imposition of legal financial obligations (LFOs) for

abuse of discretion.  *State v. Clark*, 191 Wn. App. 369, 372, 362 P.3d 309 (2015).  A

court abuses its discretion when its decision is based on untenable grounds or for

---

[1] Deoxyribonucleic acid.

untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Residential burglary is a class B felony with a seriousness level of IV. RCW

9A.52.025(2); RCW 9.94A.515. Class B felonies carry a maximum sentence of

"confinement in a state correctional institution for a term of ten years, or by a fine in an

amount fixed by the court of twenty thousand dollars, or by both such confinement and

fine[.]" RCW 9A.20.021(b). Unless otherwise provided by statute, "the court may

impose fines on adult offenders" on all sentences under this chapter up to $20,000 for

class B felonies. RCW 9.94A.550.

We agree with the State that Mr. Osborne's failure to object waives any review on

appeal. RAP 2.5(a); *State v. Blazina*, 182 Wn.2d 827, 830, 344 P.3d 680 (2015). In this

particular case, an objection would have provided the court an opportunity to clarify any

confusion regarding its use of the term "mandatory."

Nevertheless, we disagree with Mr. Osborne's contention that the judge was

imposing a mandatory sentence. Instead, in context, it appears that the term "mandatory"

was used to clarify that the judge was rejecting the request for a DOSA sentence. The

term of incarceration was within the standard range. The fine was authorized by statute.

RCW 9A.20.021(b). Moreover, penal fines are not considered "costs" subject to a

financial screening for ability to pay. *Clark*, 191 Wn.2d at 375-76. And while the fine

amount was placed on a line in the judgment and sentence next to "other" instead of the

4

line in the form marked "fine," it is clear from the prosecutor's follow-up statement that the court was imposing a penal fine. We find no abuse of discretion.

B.   STATEMENT OF ADDITIONAL GROUNDS

Osborne raises several issues in his statement of additional grounds (SAG). First, he contends that there was insufficient evidence to support the conviction for residential burglary.

Sufficiency of the evidence is reviewed de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). Washington follows the standard of review for a challenge to the sufficiency of the evidence as set out in *Jackson v. Virginia*.[2] *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). When reviewing a challenge to the sufficiency of the evidence to prove the elements of an offense, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson* 443 U.S. at 319. The purpose of this standard of review is to ensure that the fact-finder rationally applied the constitutional standard required by the due process clause of the Fourteenth Amendment to the United States Constitution, which allows for conviction of a criminal offense only upon proof beyond a reasonable doubt. *Jackson*, 443 U.S. at 317-18.

---

[2] *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

In claiming insufficient evidence, the defendant necessarily admits the truth of the State's evidence and all reasonable inferences drawn from it. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). These inferences "must be drawn in favor of the State and interpreted most strongly against the defendant." *Id*. Further, we must defer to the trier of fact to resolve conflicting testimony and evaluate the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990) (credibility determinations cannot be reviewed on appeal). Direct and circumstantial evidence are weighed equally. *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019). "[I]nferences based on circumstantial evidence must be reasonable and cannot be based on speculation." *State v. Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 318 (2013).

A person is guilty of residential burglary if, with intent to commit a crime therein, he enters or remains unlawfully in a dwelling other than a vehicle. RCW 9A.52.025. Mr. Osborne reasserts his trial argument that a person could not move a washing machine out of the house in ten minutes. Mr. Osborne argues for the first time on appeal that an unidentified accomplice entered the house, and he did not. Alternatively, he contends that the washing machine had been moved out of the house by some unknown person at some prior unknown time. Nothing in the record supports these theories. In contrast, the record fully contains sufficient evidence, albeit predominantly circumstantial evidence, to support the conviction.

Next, Osborne challenges the trial court's ruling under CrR 3.5 that his statement to law enforcement was not custodial and was voluntary. Osborne did not testify at the 3.5 hearing and did not object to the trial court's findings or conclusion. For the first time on appeal, Osborne suggests that when the officer walked up to him on the sidewalk, he felt scared, intimated, and detained. He asks us to reweigh the evidence and reverse the findings and conclusions as to noncustodial statements. By failing to object, Osborne waived the issue on appeal. RAP 2.5(a). Even so, we find no error from this record.

Osborne's final argument is that the trial court's jury instructions did not include its directive on removing masks while speaking. Mr. Osborne's attorney requested that jury members, during voir dire, be allowed to remove their face masks. RP (Beck) at 17. In consideration of the "orderly conduct of the trial," the trial court provided verbal permission to the parties, their attorneys, the witnesses, and the jury that they were free to remove their COVID-19[3] masks when speaking, but the court "will not require them to do so." RP (Beck) at 18. Mr. Osborne's attorney later commented, "I was going to do it for the voir dire, but I didn't do it." RP (Beck) at 123. The trial court responded: "But I did notice that most people did take off their masks to answer the questions." *Id.* The trial court reiterated the permission for witnesses. RP (Beck) at 25. On one of the trial days, Mr. Osborne's counsel "forgot to bring that up," and the court indicated that it

---

[3] Coronavirus Disease.

7

would be done the next day. RP (Beck) at 123. The trial court did not include the issue in the written jury instructions.

We decline to consider this issue because Osborne fails to support his contention with legal authority or analysis and raises the issue for the first time on appeal. RAP 2.5(a); RAP 10.3.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.

8