# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>PETER KIONI MWANIKI,<br><br>Appellant. | No. 58996-6-II<br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—After crashing his car, Peter Mwaniki was transported to the hospital for treatment of his injuries. At the hospital, Mwaniki falsely told an investigating police officer that he had not been driving the car. A jury found Mwaniki guilty of felony driving under the influence and making a false or misleading statement to a public servant. Mwaniki appeals, arguing that insufficient evidence supported his conviction for making a false or misleading statement to a public servant. Specifically, Mwaniki contends that his statement that he was not the driver was not material because the investigation had concluded by the time he made the statement. We disagree and affirm.

## FACTS

One morning, Officer Edgar Quintero, a trooper for Washington State Patrol, responded to a car accident on Interstate 5. When he arrived at the scene, he observed a single vehicle on its side in the center median. Officer Quintero spoke with Brendan O'Firinn, who had been travelling in the opposite direction when he witnessed the crash and stopped to help. O'Firinn pulled the sole

occupant—Mwaniki—out of the car. O'Firinn smelled alcohol on Mwaniki and noticed open containers inside the car. Mwaniki told O'Firinn that he was not licensed to drive.

When Officer Quintero approached Mwaniki, Mwaniki was sitting on the tailgate of another witness's car and was receiving medical attention. Mwaniki told Officer Quintero that he had been driving the car, he was being tailgated by a semitruck, and he changed lanes to get away before crashing. Officer Quintero smelled a strong alcohol odor coming from Mwaniki and observed other signs of intoxication. Mwaniki told Officer Quintero that he drank four beers, two hours prior to the accident. Officer Quintero administered a field sobriety test, which Mwaniki failed, and Officer Quintero placed Mwaniki under arrest for driving under the influence. Mwaniki was then transported to the hospital for treatment of his injuries.

Another witness who had stopped at the crash site reported seeing a second person in the car, leading the responding officers to search for another person. Officer Quintero believed that the witness had actually seen O'Firinn helping Mwaniki out of the car. On his way to the hospital, Officer Quintero contacted O'Firinn to ask if he had seen anybody else in the car. O'Firinn confirmed that there was no one else in the vehicle. Officer Quintero then notified dispatch that there were no other passengers and informed the other troopers at the scene to stop the search. Officer Quintero felt, "I knew we had our driver." 1 Verbatim Rep. of Proc. (VRP) at 133.

At the hospital, Officer Quintero applied for a search warrant to obtain a blood test from Mwaniki. The hospital was very busy that day, and the blood was not drawn for several hours. While waiting at the hospital, Officer Quintero learned that Mwaniki had three prior driving under the influence convictions. At that point, Officer Quintero re-administered Mwaniki's constitutional rights and informed him that he was being charged with felony driving under the influence. After

being told he was being charged with felony driving under the influence, Mwaniki told Officer Quintero that he was not the driver and that he was rear ended by a semitruck.

The State charged Mwaniki with felony driving under the influence and making a false or misleading statement to a public servant based on the statement to Officer Quintero at the hospital that Mwaniki was not the driver. The jury found Mwaniki guilty as charged. Mwaniki appeals his conviction for making a false or misleading statement to a public servant.

ANALYSIS

Mwaniki argues that the State provided insufficient evidence to prove beyond a reasonable doubt that he made a false or misleading statement to a public servant. We disagree.

We review challenges to the sufficiency of the evidence de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). The State has the burden of proving all of the elements of a crime beyond a reasonable doubt. *Id*. When reviewing a claim of insufficient evidence, this court asks whether a rational trier of fact could find that all of the crime's essential elements were proven beyond a reasonable doubt. *Id*. This court views all the evidence in the light most favorable to the State. *Id*. And the defendant admits the truth of the State's evidence and all reasonable inferences that arise therefrom. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265-66, 401 P.3d 19 (2017). Both circumstantial and direct evidence are considered equally reliable. *Id*. at 266.

To prove that Mwaniki was guilty of making a false or misleading statement to a public servant, the State was required to show that the false or misleading statement was material. RCW 9A.76.175. A "material statement" is a written or oral statement reasonably likely to be relied upon by a public servant in the discharge of their official powers or duties. RCW 9A.76.175. The public

servant does not have to actually rely on the statement for it to be material. *State v. Godsey*, 131 Wn. App. 278, 291, 127 P.3d 11 (2006).

Mwaniki was charged and convicted of making a false or misleading statement to a public official based on his statement at the hospital to Officer Quintero that he was not the driver of the vehicle. Mwaniki contends that insufficient evidence supports a finding that his statement was material. He asserts that Officer Quintero knew, based on witness statements, that Mwaniki was the driver. Thus, Officer Quintero was not reasonably likely to rely upon the statement in the discharge of his official duties.

This argument is similar to the one rejected in *Godsey*. There, Godsey was detained after being pursued by police. Immediately after being apprehended, an officer asked him if he was Ray Godsey, and Godsey responded, "'I am not Ray, I have never been called that.'" *Godsey*, 131 Wn. App. at 283. On appeal, Division Three rejected Godsey's argument that there was insufficient evidence to show that his false statement was material because officers already knew he was Godsey. *Id*. at 291.

Mwaniki emphasizes that his statement to Officer Quintero was made after Officer Quintero had ended the investigation into the crash and concluded that Mwaniki was the driver. But when he made the statement, Mwaniki did not know that the investigation was over. Rather, he knew that Officer Quintero had been investigating the crash and could reasonably rely on his statement in the course of his investigation. Indeed, a reasonable jury could have concluded that the whole point of changing his story was to try to get Officer Quintero to rely on the new allegation that Mwaniki was not driving when his car crashed. *See* VRP at 126-27. Moreover, a witness report

4

that there was a second person in the car actually did prompt further police investigation, showing that the same type of statement from Mwaniki was likely to be relied upon.

From this evidence, a jury could reasonably infer that Mwaniki knew it was reasonably likely that an officer investigating the car crash would rely on Mwaniki's statement in confirming who had been driving the vehicle. Thus, the evidence was sufficient for the jury to reasonably infer the statement was material. Accordingly, we hold that sufficient evidence supported Mwaniki's conviction for making a false or misleading statement to a public servant and affirm.

## CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

I___, J.

PRICE, J.