**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Respondent,<br><br>　　　v.<br><br>CZARINA LEE SLAPE,<br><br>　　　　　　　　Appellant. | No. 86645-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — A jury convicted Czarina Slape of assault of a child in the third degree and assault in the fourth degree. Slape appeals and argues that there was insufficient evidence for the child assault charge and that the State failed to disprove that Slape acted in self-defense. We affirm.

I

On July 26, 2021, Seattle police officers were dispatched to investigate an alleged assault. Upon arrival, officers spoke with Dulcie O'Sullivan who told officers that she and her son, S.D., were in an elevator at Pike Place Market to pick up her daughter from daycare. O'Sullivan explained that another individual, later identified as Slape, was in the elevator with them and was mumbling and screaming to themself. O'Sullivan

asked Slape if they were okay and Slape responded that if O'Sullivan spoke again, then Slape would mace her.

O'Sullivan then told Slape that she and her son needed to exit the elevator before Slape, so they were going to need to pass Slape who was in front of the exit. Slape then began spraying pepper spray at O'Sullivan. O'Sullivan then hit Slape to get them to stop spraying. O'Sullivan followed Slape until officers arrived and identified Slape as the individual in the elevator. Paramedics treated S.D. because he complained of burning to his eyes and mouth from the pepper spray. A few days later, officers obtained the security footage from the elevator.

The State charged Slape with assault of a child in the third degree and assault in the third degree. Slape argued that they acted in self defense because they were afraid of COVID and O'Sullivan did not wear a mask in the elevator.

The jury convicted Slape of assault of a child in the third degree and the lesser included crime of assault in the fourth degree.

Slape appeals.

II

Slape argues that there was insufficient evidence to prove that Slape caused any bodily harm to S.D. because O'Sullivan's intervening action caused harm to S.D. We disagree.

The State bears the burden to prove every element of a crime beyond a reasonable doubt. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). To determine whether there is sufficient evidence to support a conviction, we look at whether, "after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. DeJesus, 7 Wn. App. 2d 849, 882, 436 P.3d 834 (2019). A sufficiency challenge admits the State's evidence as true and accepts the reasonable inferences from it. DeJesus, 7 Wn. App. 2d at 882-83. We defer to the trier of fact on credibility determinations, conflicting testimony, and persuasiveness of the evidence. DeJesus, 7 Wn. App. 2d at 883. We review sufficiency of the evidence challenges de novo. DeJesus, 7 Wn. App. 2d at 883.

The State charged Slape with assault of a child in third degree, which is codified in RCW 9A.36.140. The trial court provided the following to convict instruction:

> To convict the defendant of the crime of assault of a child in the third degree, as charged in Count 1, each of the following elements must be proved beyond a reasonable doubt:
>
> > (1) That on or about July 26, 2021, the defendant committed the crime of assault in the third degree against S.D.;
> > (2) That the defendant was eighteen years of age or older and S.D. was under the age of thirteen; and
> > (3) That this act occurred in the State of Washington.

In turn, the court defined assault in the third degree:

> A person commits the crime of assault in the third degree when they with criminal negligence, cause bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm.

Lastly, the instructions defined criminal negligence:

> A person is criminally negligent or acts with criminal negligence when he or she fails to be aware of a substantial risk that bodily harm may occur and this failure constitutes a gross deviation from the standard of care that a reasonable person would exercise in the same situation.
>
> When criminal negligence as to a particular fact or result is required to establish an element of a crime, the element is also established if a person acts intentionally as to the fact or result.

Additionally, before criminal liability may be imposed, the defendant's conduct must be both the actual and proximate cause of the result. State v. Bauer, 180 Wn.2d 929, 935, 329 P.3d 67 (2014). A superseding cause "is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another." State v. Mee Hui Kim, 134 Wn. App. 27, 42, 139 P.3d 354 (2006) (quoting RESTATEMENT (SECOND) OF TORTS § 440 (AM. L. INST. 1965)). A superseding cause will relieve a defendant from liability, if the intervening act is not foreseeable. State v. Roggenkamp, 115 Wn. App. 927, 945, 64 P.3d 92 (2003). To determine whether an intervening act is a superseding cause, courts consider whether "(1) the intervening act created a different type of harm; (2) the intervening act constituted an extraordinary act; and (3) the intervening act operated independently." Roggenkamp, 115 Wn. App. at 945. Accordingly, "when the intervening act is one which the defendant should not have anticipated as reasonably likely to happen, then there is a break in the causal connection between the defendant's negligence and the plaintiff's injury, and the intervening act is the superseding cause of the plaintiff's injury." Roggenkamp, 115 Wn. App. at 945-46.

Viewing the evidence most favorable to the State, a rational jury could conclude that Slape negligently caused harm to S.D. when Slape sprayed the pepper spray in a confined space. Even if the jury did not believe that Slape discharged the pepper spray a second time, there was sufficient evidence that Slape action's caused S.D. bodily harm. Slape failed to be aware of a substantial risk that S.D. could be injured when they sprayed the pepper spray in the elevator. O'Sullivan's alleged intervening act did not create a different type of harm and did not operate independently of Slape's actions.

Slape could also have reasonably anticipated that O'Sullivan would attempt to get control of the pepper spray after Slape sprayed her. Therefore, it was reasonably foreseeable that the pepper spray discharge could have harmed S.D. The jury had the opportunity to view the surveillance footage along with testimony to determine whether Slape's actions caused harm to S.D.

For those reasons, there was sufficient evidence to convict Slape of assault of a child in the third degree.

III

Slape argues that the State did not disprove that Slape acted in self-defense. We disagree.

A person acts in self-defense when they reasonably believe that they are about to be injured and use no more force than necessary. RCW 9A.16.020(3). Once the defendant produces some evidence of self-defense, the burden shifts to the State to prove the absence of self-defense beyond a reasonable doubt. State v. Woods, 138 Wn. App. 191, 199, 156 P.3d 309 (2007).

The record illustrates that Slape had no lawful basis for defending themself in the elevator. O'Sullivan asked if Slape was okay. Slape responded that if O'Sullivan spoke again then Slape was going to mace her. O'Sullivan then stated that she and S.D. were going to exit the elevator at the next stop. Slape then pulled out the pepper spray. A jury could have concluded that Slape did not reasonably believe that they were about to be injured. Moreover, a rational jury could have concluded that it was more force than necessary to pepper spray individuals in an elevator for not wearing a mask. Slape

argued their self-defense theory to the jury, which the jury rejected.  Therefore, the State did not fail to disprove that Slape acted in self-defense.

We affirm.

_____Mann, J._____

WE CONCUR:

_____Díaz, J._____                    _____, ACJ